**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MARGARET LOWERY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 25-2060-DWD** |
| | ) | |
| **STATE of ILLINOIS, et. al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This matter is before the Court *sua sponte* pursuant to the Court's inherent authority to manage its docket, protect judicial resources, and ensure the orderly administration of justice.

District courts have inherent power to control their dockets and enjoy broad discretion in determining whether to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") ; *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); 28 U.S.C. § 1651(a).

Defendants have filed a Motion to Dismiss for Lack of Subject-Matter Jurisdiction and for Failure to State a Claim (Docs. 75 and 76). The motion raises threshold issues under the *Younger* abstention doctrine, the *Rooker-Feldman* doctrine, and principles of federalism and comity. Resolution of these jurisdictional and abstention questions is a

predicate to any further proceedings on the merits or on requests for interim relief. As such, the Court considers whether a stay of proceedings is appropriate.

In deciding whether a stay is appropriate, courts consider the following factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the Court. *Ogungemi v. Omnicare, Inc.*, 2023 WL 2139834, at *1 (S.D. Ind. Feb. 17, 2023); *Pfizer, Inc. v. Apotex, Inc.*, 640 F.Supp.2d 1006, 1007 (N.D.Ill. 2009). A stay is often appropriate where a pending dispositive motion can resolve the case. *Soares v. Meeks*, 2021 WL 5748438, at *2 (S.D. Ind. Oct. 4, 2021).

Based on consideration of these factors, the Court finds that a stay is warranted. First, a temporary stay limited to resolution of the Motions to Dismiss will not unduly prejudice or tactically disadvantage Plaintiff; the case remains at the pleading stage, and Plaintiff may renew any non-dispositive requests promptly after the Court rules. Second, the stay will simplify the issues: the jurisdictional and abstention questions, if resolved in Defendants' favor, will moot or substantially narrow all remaining motions. Third, the stay will reduce the burden of litigation on the parties and the Court, particularly given the already voluminous filings in the case.

The Court has reviewed the plentiful pleadings filed by the Plaintiff. More than twenty motions previously filed by Plaintiff have already been terminated (including successive applications for temporary restraining orders, preliminary injunctions, declaratory and summary judgment on jurisdictional questions, recusal motions, status

2

requests, and related papers). Approximately twenty-five motions filed by Plaintiff remain pending, including multiple Temporary Restraining Order applications and related supplements, amendments, and sealing requests (*see* Docs. 69, 71, 72, 73, and 100), as well as motions for default, summary judgment, discovery, status, clarification, and other non-dispositive relief. Several of Plaintiff's filings have attached to them nearly a thousand pages of exhibits without a single reference to the exhibits in the pleading itself.

This pattern of successive, overlapping, excessively voluminous and frequent pleadings and emergency requests for relief, which sometimes contain obloquies directed to the Court, has already consumed significant judicial resources and continues to expand the docket while fundamental questions of jurisdiction and abstention remain unresolved. Continuing to process the pending non-dispositive motions, or permitting unrestricted additional filings, risks the Court acting on interim or merits-related requests before it has determined whether it may properly exercise jurisdiction.

Accordingly, IT IS HEREBY ORDERED as follows:

1. All proceedings in this case are **STAYED** until further order of the Court.

2. All pending motions filed by Plaintiff are HELD IN ABEYANCE pending resolution of the Motions to Dismiss.

3. Absent leave of Court, Plaintiff is prohibited from filing any additional papers in this matter. Any request for leave shall be a short, separate filing (not to exceed five pages) that (a) explains why the proposed filing is necessary, non-duplicative, and non-frivolous. Any filing that does not comply with this directive will be

stricken. This restriction is imposed under the Court's inherent authority and the All Writs Act, 28 U.S.C. § 1651(a), to prevent further multiplication of proceedings.

4. The Court notes on the record the volume and repetitive character of Plaintiff's filings to date. Continued unrestricted or successive filings that multiply the proceedings unreasonably may result in additional restrictions and/or sanctions.

**SO ORDERED.**

Dated: August 4, 2026

Judge Dugan

Digitally signed by Judge Dugan
Date: 2026.08.04 12:16:32 -05'00'

DAVID W. DUGAN
United States District Judge